UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| CYNTHIA LYNN DYSON ) | Case No. 06-10410-SSM |
| ) | Chapter 13 |
| Debtor ) | |

**MEMORANDUM OPINION**

This matter is before the court on the debtor's motion to avoid a judgment lien docketed against her real property by Edward Rogers.  A hearing was held on July 12, 2006, at which the parties presented evidence and oral argument.  The debtor, Cynthia Lynn Dyson, was represented by counsel and Mr. Rogers appeared pro se.  The dispositive issue is whether Ms. Dyson may step into the shoes of the trustee and avoid the judgment lien as a preference.  After considering the evidence and the applicable law, the court concludes that although the judgment lien is a preference, the debtor cannot set it aside because the lien does not attach to equity that the debtor may claim exempt.

Background

Ms. Dyson filed this chapter 13 bankruptcy case on April 28, 2006.  She filed a proposed plan, together with the present motion, on May 12, 2006.  The plan requires her to make payments to the chapter 13 trustee of $316.00 per month for 6 months, followed by 30 payments of $185.00 per month.  The estimated dividend on unsecured claims is five cents on the dollar. On her schedules, Ms. Dyson lists the fair market value of her home as $147,826.00 and states

1

that it is subject to two mortgages totaling $133,719.00.[1] Accordingly, the debtor has equity in the property of $14,107.00, all of which she has claimed as exempt under § 34-4, Code of Virginia.

In addition to numerous other debts, Ms. Dyson lists a $12,000.00 judgment against her in favor of Mr. Rogers. The exhibits at the hearing reflect that the judgment was entered by the Loudoun County General District Court on January 23, 2006, in the amount of $9,990.00, together with interest at the rate of 6% from October 1, 2005, plus costs of $38.00. The testimony at the hearing did not, unfortunately, elucidate the basis for the judgment, suggesting only that Mr. Rogers had advanced funds for certain education or training the debtor received. (The debtor denied owing Mr. Rogers anything, but did not explain why.) On April 10, 2006, Mr. Rogers's attorney sent Ms. Dyson a letter requesting payment of the judgment and stating that the amount owed, including interest and costs, was $10,338.37. Strangely, just four days later, the attorney sent Ms. Dyson a second letter, stating:

> The Court imposed a judgment against you as follows:
>
> $9,990.00 for the amount sued upon as well as 6% interest ($310.37 presently) from 10/01/05 (to the present) plus costs of $38.00.

---

[1] The schedules state that the price of the property is controlled by Loudoun County. According to the debtor's testimony, she purchased the property as part of a government program under which she put up approximately $4,000 in cash at settlement and received a loan of approximately $130,000.

> **My client is under the impression that you now (due to recent credits to his credit card) owe the total sum of <u>$1,525.98</u>**.

Resp. Ex. B (emphasis in original). Consistent with his attorney's letter, Mr. Rogers has filed a proof of claim (Claim No. 9) asserting a secured claim in the amount of $1,525.98.[2] In any event, regardless of the amount owed, the plan treats the claim as unsecured, and pays it pro rata with other unsecured claims, on the ground that the judgment lien is an avoidable preference.

Discussion

A.

This court has subject-matter jurisdiction over this controversy under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. Under 28 U.S.C. § 157(b)(2)(F), this is a core proceeding in which a final judgment or order may be entered by a bankruptcy judge. Venue is proper in this District under 28 U.S.C. § 1409(a). The respondent was properly served and appeared generally.

B.

The Bankruptcy Code allows a bankruptcy trustee to avoid, or set aside, certain transfers in favor of a creditor that occur in the period immediately leading up to bankruptcy if the transfer enables the creditor to receive more than other creditors who are similarly situated. § 547(b),

---

[2] In the absence of the second letter and the proof of claim, the court would have calculated the balance due on the judgment on the date the chapter 13 case was filed to be $10,279.75:

| | |
|---|---:|
| Judgment Principal | $9,900.00 |
| Interest @ 6% 10/1/05 - 4/28/06 | $341.75 |
| Costs | $38.00 |
| Total | $10,279.75 |

3

Bankruptcy Code.  Such a transfer is called a "preference" because it prefers one creditor over another.  A "transfer" includes "the creation of a lien."  § 101(54), Bankruptcy Code.  The reason for setting aside such transfers — which outside of bankruptcy would often be unassailable — is to promote equality of distribution among creditors.  In addition, however, Congress has also allowed individual debtors to benefit from such avoidance in order to maximize the debtor's exemptions.  Specifically, if the trustee avoids a transfer, the debtor may apply his or her available exemptions to the property the trustee recovers so long as the transfer was not voluntary and the debtor did not conceal the property.  § 522(g), Bankruptcy Code.  If the trustee does not attempt to avoid the transfer, the debtor may step into the trustee's shoes and do so "to the extent the debtor could have exempted the property . . . if the trustee had avoided such transfer[.]"  § 522(h), Bankruptcy Code.

C.

This, however, raises a procedural issue.  A proceeding to avoid a preference is an adversary proceeding and must be brought by summons and complaint, not by motion. Fed.R.Bankr.P. 7001(2); *In re Wilkinson,* 196 B.R. 311, 315 (Bankr. E.D. Va.1996).  In this respect, a debtor's action under § 522(h) to avoid a preference differs from the lien avoidance proceeding authorized by § 522(f), Bankruptcy Code.  The latter provision allows a debtor to set aside certain liens, including judgment liens, if the lien impairs an exemption to which the debtor would otherwise be entitled.  § 522(f), Bankruptcy Code.  Such a proceeding, unlike a preference action, may be brought by motion rather than by adversary proceeding.  Fed.R.Bankr.P. 4003(d). At the hearing, the court explained to Mr. Rogers that the debtor had improperly brought this action by motion rather than by summons and complaint and offered him an opportunity to

object, but explained that if he did so, the parties would have to return another day. After considering this, Mr. Rogers expressly waived his right on the record to have this action brought by summons and complaint rather than by motion. Since this court has previously held that the requirement for an adversary proceeding is for the benefit of the defendant and may be waived, the court allowed the proceeding to proceed as a contested matter. *Wilkinson,* 196 B.R. at 315.

D.

An avoidable preference is defined as a transfer of an interest of the debtor in property (1) to or for the benefit of a creditor, (2) on account of an antecedent debt, (3) made while the debtor was insolvent, (4) made on or within 90 days before the date of the filing of the petition,[3] and (5) that enables the creditor to receive more than the creditor would receive if the transfer had not been made and the creditor received payment under a chapter 7 liquidation. § 547(b), Bankruptcy Code. A debtor is presumed to have been insolvent during the 90 days preceding the filing of the petition. § 547(f), Bankruptcy Code. There are a number of transactions that are excluded from the broad definition of preference; however none of them would apparently apply to the facts of this case. § 547(c)(1)-(9), Bankruptcy Code.

The evidence readily establishes that the elements of an avoidable preference are present. While the evidence was unclear as to precisely when the debt arose, there is no dispute that it arose prior to the lawsuit that resulted in the entry of the judgment. Under Virginia law the docketing of that judgment on February 28, 2006, created a lien against the debtor's real property in favor of Mr. Rogers. Va. Code Ann. 8.01-458. As noted, the creation of a lien

---

[3] The look- back period is one year if the creditor is an insider. § 547(b)(4)(B), Bankruptcy Code.

5

constitutes a "transfer" for avoidance purposes. § 101(54), Bankruptcy Code. The transfer here occurred 59 days before the filing of the petition, which easily falls within the 90-day preference period for non-insider creditors. As noted, the debtor is presumed to have been insolvent during that 90-day period. § 547(f), Bankruptcy Code.

Finally, the evidence establishes that the existence of the lien would enable Mr. Rogers to receive more in this chapter 13 case than he would have received if the debtor's estate were administered under chapter 7 and he had not obtained the lien. The schedules in this case list encumbrances of $133,719 against the real estate, a $325 priority tax claim, and $77,311 in general unsecured claims. The debtor has only two assets a trustee might liquidate in chapter 7— an automobile worth $5,900 and the real estate worth $147,826. The debtor has exempted the automobile using the $2,000 poor debtor exemption for automobiles and $3,900 of her homestead exemption. Va. Code Ann. §§ 34-4 and 34-26(8). It would appear that the debtor—whose schedules reflect that she has one dependent—is entitled to a total homestead exemption of $5,500.00. Va. Code § 34-4. After applying $3,900 of that amount to the automobile, $1,600.00 of the homestead exemption would be available to apply to the equity in the house. Assuming even a very modest 7% for the costs of sale for the house, no more than $1,860.00 would be available for payment of administrative expenses and unsecured claims after paying the costs of sale, satisfying the mortgages, and paying the debtor her homestead exemption. The trustee's statutory commission would be approximately $10,030.00. § 326(a), Bankruptcy Code. Since this far exceeds the available funds, the distribution to unsecured creditors would be zero. By contrast, if Mr. Rogers retains his lien, he would be entitled as a secured creditor to payments having a present value of at least $1,525.00 (which means he would

6

have to receive interest on his claim at a rate sufficient to compensate him for the delay in payment plus an appropriate risk factor). § 1325(a)(5)(B)(ii), Bankruptcy Code; *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004). Thus, the improvement-of-position test for a preference is satisfied.

E.

Where a debtor is seeking to avoid a preference by stepping into the shoes of the trustee, not only must all the elements of a preference be met, but the trustee must not have attempted to avoid the transfer, the transfer must not have been voluntary, and the debtor must not have concealed the property. § 522(g)(1), (h)(1) and (h)(2), Bankruptcy Code. All three of those requirements are clearly satisfied in this case.

There remains, however, the question of whether the debtor may set aside the entire judgment lien, or only that portion of the lien attaching to the equity that the debtor could have claimed exempt but for the lien. The latter limitation would appear to follow from the plain language of the statute, which allows the debtor to avoid a transfer "*to the extent* the debtor could have exempted such property under [§ 522(g)(1)] . . . if the trustee had avoided such transfer." § 522(h), Bankruptcy Code (emphasis added). This language is potentially subject to two readings. The narrower reading — because of the specific reference to § 522(g)(1) — is that the debtor may avoid the transfer provided the two specific requirements of that subparagraph (that is, involuntary transfer and no concealment) are met. The broader reading is that the debtor must not only satisfy those two requirements but in addition may avoid only up to the dollar amount the debtor could have claimed exempt had the trustee avoided the transfer. While the issue is not free from doubt, the court believes the broader reading is more consistent with the purpose of the

statute, which is to put the debtor in the same position, if the trustee fails to act, as he or she would have enjoyed had the trustee avoided the transfer. If the trustee, for example, were to set aside a $10,000 transfer, and the debtor's available exemptions totaled $3,000, the debtor would be paid only that amount, and the balance would go to the estate for distribution to creditors. Surely Congress could not have intended for the debtor to be better off — that is, entitled to the benefit of the entire $10,000 — when the trustee fails to act. Put another way, the benefit to the debtor should be no greater than needed to enable the debtor to take full advantage of the exemptions otherwise available to her. In the present case, the debtor has equity in the property of $14,107, and an available exemption of $1,600.[4] That leaves $12,507 of equity that the debtor cannot exempt. Since the secured proof of claim filed by Mr. Rogers is only in the amount of $1,525.98, setting the lien aside is not necessary in order for the debtor to take full advantage of the exemptions available to her.[5] Because the debtor cannot exempt that portion of the equity to

---

[4] Although no timely objection was filed to the debtor's claimed exemptions—which included the *entire* equity in the property—the failure to object merely prevents the trustee from administering the property, but does not foreclose inquiry, in the context of a lien avoidance motion, into the debtor's actual entitlement to the exemption. *In re Fitzhenry*, No. 96-10191-SSM, 1998 WL 1147929 (Bankr. E.D. Va., Sep. 2, 1998) at 12-13, *available at* http://www.vaeb.uscourts.gov/opinions/ssm/fitzhenry.pdf.

[5] The court's reading also avoids the anomaly of providing the debtor with greater relief because she chose to proceed under § 522(h) than if she had brought a lien avoidance proceeding under § 522(f). A judgment lien may be avoided under § 522(f), but only to the extent it "impairs" the debtor's exemptions. Impairment, in turn, has a mathematical definition. § 522(f)(2)(A), Bankruptcy Code. Specifically, a lien impairs an exemption to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value the debtor's interest in the property would have in the absence of any liens. *Id*. In this case, the sum of the judgment lien, all other liens on the property, and the available homestead exemption equals $136,845, which is less than the value of the property ($147,826) in the absence of any liens. Since the statutory definition of impairment is not satisfied, the debtor would not be able to avoid the lien under

which the judgment lien attaches, the court concludes that she cannot avoid the judgment lien as a preference.

The court does recognize that in the context of the present case, avoidance would not solely benefit the debtor but would also provide a benefit to unsecured creditors. The debtor is required to pay into the plan her projected disposable income for 36 months. §§ 1325(b)(1)(B) and (b)(4)(A), Bankruptcy Code. The plan, as proposed, requires the debtor to pay $7,446 over a 36-month period. No one has objected that this amount does not constitute the debtor's projected disposable income for that period. The estimated distribution on allowed unsecured claims is only 5 cents on the dollar. Allowance of Mr. Rogers' claim as a secured claim, and the resulting necessity for paying it in full with interest, will subtract from the funds available to pay unsecured claims and will reduce the dividend to even less than the amount now estimated. But the text of § 365(h) does not provide any basis for distinguishing between chapter 7 and chapter 13 cases, or even between 100% chapter 13 cases and minimal-payment chapter 13 cases. Its focus is not on equality of treatment of creditors but on maximization of the debtor's exemptions. Accordingly, although the trustee would certainly have the ability (and perhaps the motive) to avoid the judgment lien as a preference—and nothing in this opinion should be read as precluding him from doing so—the debtor does not.

---

[5] (...continued)
§ 522(f).

  A separate order will be entered denying the motion to avoid the judgment lien without prejudice to the trustee's right to seek the same relief.[6]

Date: _____        _____
                       Stephen S. Mitchell
Alexandria, Virginia              United States Bankruptcy Judge

Copies to:

Cynthia Lynn Dyson
43031 Northlake Overlook Terr
Leesburg, VA 20176
Debtor

Robert R. Weed, Esquire
Law Offices of Robert Ross Weed
1420 Prince Street, Suite 200
Alexandria, VA  22314
Counsel for the Debtor

Edward A. Rogers
43835 Timber Square #111
Leesburg VA 20176
Respondent

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

---

[6] Because the debtor's proposed plan does not provide for Mr. Rogers' secured claim, it cannot be confirmed.  Accordingly, a separate order will be entered denying confirmation, with leave to file a modified plan within 20 days.  It goes without saying that if a plan is confirmed that provides for the secured claim, the debtor will be entitled upon completion of the plan to an order releasing the judgment lien.